IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TERRY JOHNSON,**

    **Petitioner,**

v.

**JEAN HILL,**

    **Respondent.**

Civil No. 05-1504-BR

OPINION AND ORDER

**KRISTINA S. HELLMAN**
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR 97204

    Petitioner *Pro Se*

**HARDY MYERS**
Attorney General
**JONATHAN W. DIEHL**
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court **DENIES** the Second Amended Petition for Writ of Habeas Corpus and **DISMISSES** this action.

## BACKGROUND

On June 26, 1998, a Multnomah County Grand Jury indicted Petitioner on charges of Assault in the Second Degree, Robbery in the First Degree, and Felon in Possession of a Firearm. On October 19, 1998, the Grand Jury re-indicted Petitioner on the same charges, plus an additional count of Robbery in the First Degree. Petitioner waived his right to a jury trial. After a bench trial, the trial judge convicted Petitioner on all charges. The judge sentenced Petitioner to 70 months of imprisonment on the Assault conviction and 90 months for the merged counts of Robbery in the First Degree, to be served consecutively.

Petitioner directly appealed the Robbery convictions. The Oregon Court of Appeals affirmed in a written opinion, and the Oregon Supreme Court denied review. *State v. Johnson*, 174 Or. App. 27, 25 P.3d 353 (2001), *rev. denied*, 334 Or. 492, 52 P.3d 1052 (2002).

Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed, but the Oregon Court of Appeals granted the state's motion for summary affirmance, and the Oregon Supreme Court denied review. Resp. Exhs. 122, 124.

On September 28, 2005, Petitioner filed his federal habeas corpus action in this Court. In his Second Amended Petition for Writ of Habeas Corpus, Petitioner alleges one ground for relief:

> [Petitioner's] rights under the Sixth and Fourteenth Amendments to the United States Constitution were violated when the court increased his sentence beyond the statutory maximum without finding the facts necessary for the increase beyond a reasonable doubt.
>
> In Oregon, the statutory maximum is for concurrent sentences. In order for a court to impose consecutive sentence[s], it must make additional findings of fact. In this case, the court imposed consecutive sentences after making a factual finding that [Petitioner] had the intent to commit two separate crimes. Under the Sixth and Fourteenth Amendments and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that factual finding which increased [Petitioner's] sentence beyond the statutory maximum, had to be made "beyond a reasonable doubt." That was not done in [Petitioner's] case.

Respondent argues Petitioner is not entitled to relief because he procedurally defaulted this claim by failing to raise it on direct appeal and, in any event, that the PCR court's decision denying relief is entitled to deference. Because the Court finds Petitioner is not entitled to relief on the merits of his claim, the Court does not decide the procedural default issue. *See* 28 U.S.C. § 2254(b)(2) (a habeas corpus petition "may be

denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

## LEGAL STANDARDS

A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 123 S. Ct. 1166, 1172-75 (2003).

A state court acts "contrary to ... clearly established Federal law" if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if it decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ramdass v. Angelone*, 530 U.S. 156, 165-66 (2000). An "unreasonable application of clearly established Federal law" occurs if a state court identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the prisoner's case or unreasonably

refuses to extend the governing legal principle. *Williams*, 529 U.S. at 412; *Ramdass*, 530 U.S. at 166.

In conducting a review under § 2254, this Court must look to the last reasoned state-court decision. *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003) (citing *Franklin v. Johnson*, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002)), *cert. denied*, 541 U.S. 1037 (2004). When the state court does not issue an opinion or otherwise supply the reasoning for a decision, federal habeas review is not *de novo*. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). Instead, this court considers whether the state decision was "objectively reasonable" after conducting an independent review of the record. *Id*.

## DISCUSSION

Under Oregon law, "[t]he court may provide for consecutive sentences only in accordance with the provision of this section. A sentence shall be deemed to be a concurrent term unless the judgment expressly provides for consecutive sentences." Or. Rev. Stat. § 137.123(1); *see also State v. Nail*, 304 Or. 359, 366, 745 P.2d 415, 418 (1987) (interpreting a prior similar statute and concluding that "the statute makes concurrent sentences the norm and consecutive sentences the exception"). Before imposing consecutive sentences, a trial judge must make specific findings of fact. Or. Rev. Stat. § 137.123(5).

Here, before imposing consecutive sentences, the trial judge found Petitioner had the intent to commit more than one crime: "I'll do Counts 1 and 2 consecutive because I find the defendant had an intent to commit two separate crimes." Without this finding of fact, Petitioner's sentences would have run concurrently. Petitioner argues the factual finding was constitutionally infirm under *Apprendi* because it was not found beyond a reasonable doubt.

Under *Apprendi*, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the factfinder, and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490; *see also Blakely v. Washington*, 542 U.S. 296 (2004) (applying *Apprendi* to hold that exceptional sentence imposed by state judge violated Sixth Amendment because facts supporting the exceptional sentence were neither admitted by the defendant nor found by a jury).

In *State v. Tanner*, 210 Or. App. 70, 86-87, 150 P.3d 31 (2006), *pet'n for review held in abeyance* (Jun. 19, 2007), the Oregon Court of Appeals rejected the same argument advanced by Petitioner here. The court held judicial fact-finding in support of consecutive sentences under Oregon law does not violate the Sixth Amendment, because *Apprendi* and *Blakely* concern what facts

must be found by a jury in order to impose a specific sentence for a specific offense. *Tanner*, 210 Or. App. at 76. Other courts considering the issue have reached the same result. *See Louis v. Van Boening*, 2007 WL 2686842 *8 n.3 (W.D. Wash., Sept. 7, 2007) (collecting similar decisions); *Braughton v. Board of Parole and Post-Prison Supervision*, 2007 WL 2363296 *2 (D. Or., Aug. 15, 2007) (habeas relief denied on claim Oregon consecutive sentencing scheme violated Sixth Amendment principles announced in *Blakely*).

Petitioner argues the court's reasoning in *Tanner* was flawed, and urges this Court to find that, because Oregon sentences are presumed concurrent, any factual finding rebutting that presumption and causing sentences to run consecutive runs afoul of the Sixth Amendment if the finding is not beyond a reasonable doubt. *See In re Vandelft*, 158 Wash.2d 731, 743, 147 P.3d 573 (2006) (distinguishing statute providing for presumption of concurrent sentences from one which did not), *cert. denied*, 127 S.Ct. 2876 (2007); *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (Ohio 2006) (same). Even if this Court agreed, however, Petitioner would not be entitled to federal habeas relief.

As Respondent notes, the United States Supreme Court has not extended *Apprendi* and *Blakely* to findings in support of consecutive sentences. Indeed, both cases speak only to a specific sentence for a specific offense. In the absence of such

precedent, this Court finds the Oregon Court of Appeals' refusal to extend *Apprendi* and *Blakely* to Oregon's consecutive sentencing statute in *Tanner* was not "contrary to" or an "objectively unreasonable application" of *Apprendi* and *Blakely*.

Here, the state PCR trial judge did not articulate any reasoning for his decision to deny relief on Petitioner's *Apprendi/Blakely* claim. Nonetheless, upon an independent review of the record, that decision was objectively reasonable in light of *Tanner*. As such, the decision is entitled to deference, and Petitioner cannot obtain federal habeas corpus relief.

## CONCLUSION

For these reasons, the Court **DENIES** the Second Amended Petition for Writ of Habeas Corpus and **DISMISSES** this action.

IT IS SO ORDERED.

DATED this   10th   day of October, 2007.

                              /s/ Anna J. Brown
                              ANNA J. BROWN
                              United States District Judge